[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On June 26, 1997, the plaintiffs, James J. Nardella, Jr., James Nardella, Sr., Patricia Nardella, and Jamie L. Nardella, filed a twelve count complaint against the defendants, Todd Vachon, Richard Murzin, and Steven L. Fields.
The plaintiffs allege that on August 24, 1994, Vachon and Murzin secretly recorded a telephone conversation between Vachon and Nardella, Jr., without the knowledge of Nardella.
The plaintiffs further allege that Vachon and Murzin used equipment provided to them by Fields for the purpose of recording the telephone conversation. Vachon and Murzin then gave the tape to Fields who played the tape for a third party. The plaintiffs allege that the aforesaid actions of the defendants violated General Statutes § 52-570d, Connecticut anti-wiretap statute.[1]
On November 17, 1998, the defendant, Steven L. Fields, filed a motion for summary judgment as to counts three, six, nine and twelve of the plaintiffs' complaint on the grounds that: (1) the complaint does not allege that he recorded the telephone conversation at issue; (2) as a criminal law enforcement officer, he is not subject to suit under General Statutes § 52-570d;[2]
and (3) the plaintiffs James Nardella, Sr., Patricia Nardella and Jamie Nardella lack standing to bring this appeal. The defendant also filed a supporting memorandum of law.
On December 28, 1998 the plaintiffs filed a motion in CT Page 5270 opposition and a memorandum of law in support.
"Summary Judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999).
Fields argues that as a criminal law enforcement official he is not subject to suit under General Statutes § 52-570d for the recording of a telephone conversation done in the lawful performance of his duties.
In opposition, the plaintiffs argue that Fields can be vicariously liable, however, for the recording by Vachon, because there is no evidence that Vachon was either a police officer or an informant when he made the recording.
General Statutes § 52-570d(b)(1) excludes from its coverage, "[a]ny federal, state or local criminal law enforcement official who in the lawful performance of his duties records telephonic communications." General Statutes § 52-570d(b)(1). Moreover, the Connecticut Supreme Court has clarified on more than one occasion that "a recording of a telephone call where one party to that conversation is a police officer or informant is not a violation of the wiretapping statutes because those statutes were intended to cover only surreptitious recording." Washington v. Meachum,238 Conn. 692, 712, 680 A.2d 262 (1996). See also State v.Grullon, 212 Conn. 195, 209, 562 A.2d 481 (1989).
Contrary to the plaintiffs' assertion, there is substantial evidence in the record to indicate that Vachon acted as a confidential informant for the State Police when he recorded the telephone communication at issue.
The record shows that on a number of occasions Vachon supplied Fields with confidential information and physical evidence pertinent to the pending criminal investigation of Nardella, Jr. Moreover, the record shows that the State Police obtained this information by supplying the necessary recording equipment, financing some of Vachon's costs and by making efforts to protect Vachon's undercover status from being revealed. See Reply Memorandum in Support of Defendant Fields Motion for Summary Judgment, Exhibits 1 2. CT Page 5271
The plaintiffs, on the other hand, submit no opposing affidavits or any documentary evidence to support their claim that Vachon was not a confidential informant. The plaintiffs rely solely on one statement made by Fields at a Police Commission hearing where he referred to Vachon as "an alleged witness . . . ." See Defendant's Exhibit B: Transcript of Police Commission Executive Session Hearing, dated March 24, 1995, p. 7. At the time this statement was made, however, Fields was not being asked to identify the extent of Vachon's involvement in this case. Fields was merely describing who was present at a taped interview held on July 28, 1994. It is undeniable that in addition to being a confidential informant, Vachon was also a "witness" to much of what occurred in this action. Therefore, taking the statement in the context in which it was made, it fails to raise a genuine issue of fact against Vachon's status as an informant.
Thus, this court finds that the recording complained of was made by a confidential informant in the lawful performance of his duties, and therefore, General Statutes § 52-570d is inapplicable.
In support of his motion, the defendant also argued that the complaint failed to allege that he recorded the telephone conversation and that James Nardella, Sr., Patricia Nardella and Jamie Nardella lacked standing to bring this action.
The above discussion is dispositive of the present motion, and therefore, the court need not address these issues.
The motion for summary judgment is here by granted.
Mihalakos, J.